# **EXHIBIT C**

**DOROTHY BROWN**
CLERK OF THE CIRCUIT COURT



**OFFICE OF THE
GENERAL COUNSEL**
Richard J. Daley Center
Room 1003
Chicago, Illinois 60602
(312) 603-6946
FAX (312) 603-4074
www.cookcountyclerkofcourt.org

## OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

June 23, 2017

Attorney Demeterius Carney
President
The Carney Consulting Group L.L.C.
230 S. Clark, #213
Chicago, IL 60604

Dear Atty. Carney:

The Honorable Dorothy Brown, Clerk of the Circuit Court of Cook County, asked that I respond to you regarding your proposal that the press be provided access to newly eFiled civil complaints at the "point of receipt of the complaint and PRIOR to the administrative processing of the complaint by court staff." Our discussions with you, and the documents, case citations and charts provided to the General Counsel's Office, indicate that you equate receipt of the eFiled complaints with the time of submission of the document to the Clerk's Office, and before the Clerk's Office performs the accept/reject function..

To reinforce your position you provided a citation to the Illinois Supreme Court's eFiling User Manual, paragraph 7(g), however, that manual applies to eFiling to the Supreme Court and does not govern the Circuit Court. The Clerk's Office is governed by the Illinois Supreme Court's Electronic Filing Standards and Principles (amended 9/16/14) ("Standards and Principles") and General Administrative Order No. 2014-02 ("GAO 2014-02"), entered by Chief Judge Evans on January 13, 2014. Both governing documents expressly provide that eFiled complaints are deemed received, or filed, upon the Clerk's Office's "acceptance" of said documents. Specifically, Standards and Principles, Section 3 provides "Any electronic document or record submitted to the clerk of the court for filing shall be deemed filed if not rejected by the clerk," in other words, when the Clerk's Office accepts the document. Similarly, GAO 2014-02, Section 3c defines: "Acceptance by the Clerk. Any document submitted electronically shall be considered filed with the Clerk's Office if not rejected by the Clerk's Office."

You also provided the Clerk's Office with several citations to state and federal court cases in which the overarching theme of all of the cases is that the press was not allowed to review newly filed civil complaints for a long time, until the Clerk's Office completed processing and/or administrative steps. In _Courthouse News Serv. V. Jackson_, 2009 WL 2163609, at *4-11 (S.D. Tex. July 20, 2009) the press was denied access to newly filed civil complaints after receipt by the Clerk's Office for up to 72 hours after receipt. In _Courthouse News Serv. V. Planet_, 2016 WL 4157210 (C.D. Cal. May 26, 2016) the press was denied access to newly filed civil complaints for two or more days. And in _Courthouse News Serv. V. Planet_, 750 F.3d 776 (9th Cir. 2014) the press was denied access to newly filed civil complaints "until cases were fully processed, which sometimes [took] days or weeks."

1

We can distinguish Cook County new civil complaint filings from the cases cited above because, as you are aware, newly conventionally filed civil complaints are immediately accessible to the press, and the public, as soon as they are received by the Clerk's Office at the cash registers and assigned a case number which is our conventional "acceptance" process. When complaints are eFiled, the press and public have immediate access to the complaints on the electronic docket, after the Clerk's Office "accepts" the documents and assigns the case number, in accordance with the Standards and Principles and GAO 2014-02.

As you can see, for both conventional and eFiled complaints, the documents are considered officially filed upon acceptance and assignment of case numbers by the Clerk's Office, which is in compliance with both the Standards and Principles and GAO 2014-02. The complaint is not considered officially "received/filed" when the filer has only "submitted" the document to the Clerk's Office for filing. In your scenarios, documents, case citations and charts, the complaints have only been "submitted" to the Clerk's Office for filing and are not deemed officially filed.

With all due respect, in your scenario, the press would essentially be given access to cases that may be rejected by the Clerk's Office. Rejected complaints would not be in compliance with the Standards and Principles and GAO 2014-02, and therefore would not be considered officially filed. Allowing the press access to rejected complaints could create mass confusion for the public, if the press reports on a case that actually may never be resubmitted for filing; leading to false reporting and potential liability for the court and the press.

Currently the Clerk's Office's eFile system creates a report of all eFiled complaints that have been accepted by the Clerk's Office. This report is automatically emailed to the members of the press who have signed up to receive the report. This report is then used by the press to view images of the new complaints on the terminals in the courthouse. We plan to continue this practice when eFiling becomes mandatory.

Thank you for contacting and meeting with the General Counsel's Office and also for providing us with documents, case citations and charts for our analysis and review. As you can see, the Clerk's Office is committed to providing the press and public with immediate access to newly filed civil complaints in compliance with the Standards and Principles and GAO 2014-02. Additionally, I appreciate your patience in waiting for this response.

If I may be of additional assistance, please contact me at the address above or at (312) 603-6946.

Sincerely,

Kelly Smeltzer
General Counsel

cc:  Hon. Dorothy Brown, Clerk of the Circuit Court of Cook County
     Michael Moore, Executive Clerk for Court Operations and Administration