# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Courthouse News Service, | ) |
| Plaintiff, | ) 17 C 7933 |
| vs. | ) Honorable Judge |
| | ) Matthew Kennelly |
| Dorothy Brown, | ) |
| Defendants. | ) |

**DECLARATION OF KELLY SMELTZER**

I, Kelly Smeltzer, pursuant to 28 U.S.C. §1746, declare under penalty of perjury that the following is true and correct:

1. I am the General Counsel for The First Judicial Circuit, Office of the Clerk of the Circuit Court of Cook County ("Clerk's Office), a position I have held since August 2015. I am responsible for reviewing and advising the Clerk's Office on a wide variety of legal matters related to the court wide operations, including compliance with applicable laws. I have personal knowledge of the facts stated in this Declaration, and I could and would competently and truthfully testify to the facts if called upon to do so.

**A. Background of The First Judicial Circuit, Office of the Clerk of the Circuit Court of Cook County E-filing System.**

2. In 2009, the Clerk's Office was one of five (5) original counties selected to implement Illinois' new electronic filing pilot program. The Clerk's Office implemented its e-filing system in accordance with the Illinois Supreme Court's Electronic Filing Standards and Principles and the General Administrative Order entered by the Chief Judge of the Circuit Court of Cook County. This innovative program gave litigants the option of filing documents electronically and also tightened and streamlined a number of filing procedures. In October

2012, the Supreme Court approved and expanded e-filing to all one hundred and two (102) counties in the State of Illinois.

3. The Chief Judge of the Circuit Court of Cook County entered a series of General Administrative Orders to govern e-filing and the e-filing system's implementation, the most recent being General Administrative Order No. 2014-02 ("GAO 2014-02"). Following the issuance of the various Orders, the Clerk's Office worked diligently to implement e-filing in the Chancery, Child Support, Civil, Domestic Relations, Law and Probate Divisions.

4. The Clerk's Office was one of the very first to adopt e-filing in Illinois. As a result, it created the e-filing system on a blank slate guided by the Illinois Supreme Court's Electronic Filing Standards and Principles and the General Administrative Orders entered by the Chief Judge. Still, by eliminating paper civil filings, the e-filing system increased access to court documents and, as the system became more efficient, increased speed with which those documents became available to the public for viewing at the court or remote viewing in their private e-file email boxes, embedded in the system. Additionally, e-filers could spend significantly less time standing in line or waiting at the window for the clerk to enter the appropriate information. Lastly, e-filing eliminated the need for clerks to scan e-filed documents into the system, making complaints viewable on the electronic docket promptly.

5. As of 2016, more than 300,000 e-filings had been processed, more than 50,000 e-filed motions had been spindled, and e-filing was available 24/7 to more than 30,000 registered users.

6. In light of the success of the e-filing system, in January, 2016, the Illinois Supreme Court entered Order M.R. 18368 announcing mandatory e-filing of civil and criminal

cases in the Illinois Supreme and Appellate Courts, effective July 1, and for civil case types in Circuit Courts across the state commencing January 1, 2018.

### B. Cook County Circuit Clerk Caseload and E-Filing System.

7. Plaintiff Courthouse News Services ("CNS"), through its Complaint, implies that the Clerk's Office is not concerned with prompt access to e-filed court filings by the public. This is incorrect. The Clerk's Office has at all times acted to provide prompt public access to all e-filed court records to the full extent permitted by the Illinois Supreme Court's Electronic Filing Standards and Principles (amended September 16, 2014) ("Standards and Principles") and GAO 2014-02, and the Electronic Access Policy for Circuit Court Records of the Illinois Courts (amended April 1, 2004). The Clerk's Office has been successful in enabling widespread access to e-filed complaints. Indeed, the vast majority of these complaints are made public, and viewable, within twenty four (24) business hours of filing.

9. Establishing the system that CNS is requesting would require the Clerk's Office to be open 24 hours a day, 7 days a week to review every newly submitted civil complaint so that the complaints could be accepted or rejected within seconds after being electronically submitted. Doing so is impermissible and impossible. The Clerk's Office's hours are established by Circuit Court Rule 0.3.1 and they are 8:30 a.m. through 4:30 p.m. each working day. Furthermore, the Clerk's Office strives to make civil complaints available within a reasonable time to the public and the press, in the same manner, regardless of whether a civil complaint is presented in person or electronically. If a customer attempts to file a new complaint in person, or electronically, at the Clerk's Office, and does not pay the required filing fees, the Clerk's Office rejects the filing, and neither the public nor the press receives a copy. In other words, we do not provide, and we have not provided the public, or the press, with copies of complaints that are rejected by the

Cashier, or that are in the hands of customers in our lines preparing to be submitted to our Cashiers. This is the same process that we follow for e-filed complaints, not until the complaints are reviewed and accepted by our e-filing Clerk and the case number is assigned, the same time as when the case number is assigned by the Cashier, are the complaints considered filed with the Clerk's Office and made available to the public and the press, in compliance with the Illinois Supreme Court's Standards and Principles and the General Administrative Order of the Chief Judge for e-filing.

### C. Communications with Courthouse News Services.

10. On or around June 15, 2017, I reviewed a letter sent from Bryan Cave LLP on behalf of CNS. The letter provided citations to the Illinois Supreme Court's e-filing user Manual, as well as a few court cases. In that Letter CNS suggested that the Clerk's Office should provide e-filed complaints automatically in the same way that some federal courts do or should allow reporters to access the court's electronic queues for newly filed complaints, prior to the cases being reviewed and accepted by the Clerk and a case number being assigned. In other words, not only access to cases that may be accepted by the Clerk's Office, but also to cases that may be rejected by the Clerk's Office, which may never become a part of the public domain, if the customer decides not to re-submit the case for filing.

11. After a thorough reading of the letter, I determined that the e-filing system of the Clerk's Office is compliant with the Illinois Supreme Court's Standards and Principles and GAO 2014-02. Indeed, newly conventionally filed civil complaints are immediately accessible to the press, and the public, as soon as they are reviewed and accepted by the Clerk's Office at the cash registers and assigned a case number in our conventional "acceptance" process. Similarly, complaints that are received electronically by the Clerk's Office are reviewed by one of our

clerks to ensure that they are compliant with the Illinois Supreme Court's Electronic Filing Standards and Principles and GAO 2014-02 and once accepted, are immediately accessible to the press, and the public. The Clerk's Office's staff ensures that a majority of new civil complaints are viewable within approximately 24 business hours of submission. The exception is when a case is received after 4:30 pm on a Friday, and over the weekend, especially a long holiday weekend. For instance, if a case is received on Friday after 4:30 pm, it is accessible on Monday, or the next court business day.

12. Given the volume of filings the Cook County Circuit Court Clerk's Office receives on a daily basis, as well as the speed with which our clerks review and make newly e-filed civil complaints available to the public, I concluded that our e-filing system provides "timely access" to newly e-filed civil complaints, to all media groups equitably. The Clerk's Office has no control over whether a petitioner in a civil case, scoops one media group over another prior to or after their filing, as the Plaintiff in this case seems to suggest. In my position as General Counsel, I want to assure the Court that I take the First Amendment rights of the public very seriously. That is why I, and our entire staff, strive to make newly filed complaints and all publicly-viewable documents available to the public immediately upon acceptance whether filed in paper or electronic format.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 28 day of November 2017, in Chicago, Illinois.

Kelly Smeltzer