# Exhibit C

# ELECTRONIC FILING STANDARDS AND PRINCIPLES
## (Amended 09/16/2014)

### STANDARDS - Requirements for Electronic Filing

**1 Application and Testing**

(a) In courts electing to initiate e-filing in a civil <u>or criminal</u> case type<u>s</u>, <u>including citations,</u> the chief judge or presiding judge and clerk of that court shall apply to the Supreme Court for approval to conduct electronic filing. The chief judge and the circuit clerk shall engage the local bar association(s) in the planning and development process for <u>any</u> electronic filing program; <s>-</s><u>the state's attorney and public defender shall be included in the planning and development process for criminal case types; and the sheriff or law enforcement agency shall be included in the planning and development process for electronic filing of citations</u>. The application to conduct electronic filing shall include a letter from the <u>applicable entity(ies) identified above,</u><s>local bar association(s)</s> providing their assessment of the proposed e-filing system.

(b) Approval of any applications under this section shall be contingent upon compliance with all required standards and rules. Upon approval, the clerk shall formulate and follow a method to test the electronic filing and document management systems before implementation to ensure that they meet all criteria set out in these Standards and all other standards applicable to the clerk's duties.

**2 System Security**

The clerk shall ensure that a comprehensive, reliable backup of the electronic records is in place and that the system shall produce, when necessary, transaction audit logs. The clerk shall ensure that confidential data and documents cannot be exposed through a vendor or any integrated program.

**3 Filing of Electronic Documents**

Any electronic document or record submitted to the clerk of the court for filing shall be deemed filed if not rejected by the clerk. The transmission date and time of transfer shall govern the electronic file mark. <s>Pleadings</s>-<u>Documents</u> received by the clerk before midnight on a day the courthouse is open shall be deemed filed that day. If filed on a day the courthouse is not open for business, the document will be deemed filed the next business day. While the case is pending, the clerk shall retain an audit trail of submission, acceptance, and filing of electronic documents by recording the dates and times transmitted, received, and accepted or rejected. The electronically filed transmission shall be endorsed with the electronic file mark setting forth, at a minimum, the identification of the court, the clerk, the date, and the time of filing.

4 **Electronic Access to Court Records**

The form of filing shall not affect the right of access to court documents. The clerk's on premises public access terminal shall allow for electronic records and electronic documents to be displayed to the public. Electronic access and dissemination of court records shall be in accordance with the *Electronic Access Policy for Circuit Court Records of the Illinois Courts.*

5 **Identity Verification of Filing Party**

(a) The electronic filing process shall use a methodology to identify the source of the e-filed document submitted to the court electronically. The court shall provide an identifier to all registered participants (filers) and a means to confirm that the filing was approved by an authorized user. The Attorney Registration and Disciplinary Commission number may be used as the identifier for attorneys to ensure that the attorney is licensed and in good standing with the Illinois Supreme Court. Filings from court partner agencies using integrated systems within a secure domain shall not require individual registrations.

(b) The e-filing process shall permit the clerk's staff to verify whether an attorney who registers as a user is authorized to practice in Illinois.

6 **Minimum Requirements of an E-Filing System**

(a) The e-filing system shall require any user: to register to receive an account ID with security privileges to file electronic documents; to transmit documents in text searchable PDF format; to identify the type of document being filed; to provide the name of the filing party; to provide the abbreviated case title; to provide the appellate and circuit court case numbers.

(b) The e-filing system shall provide a link to a converter utility to allow users to convert documents to PDF (Portable Document Format).

(c) The e-filing system shall provide processes to permit the clerk to review electronically all documents, validate the case information filed, and accept or reject the e-filed documents consistent with Supreme Court and local rules.

(d) The e-filing system shall provide verification to the filer of a successful transmittal when the document is received by the clerk's office. The verification shall include the date and time of the electronic filing's submission.

(e) The e-filing system shall transmit a message to registered users that the clerk's office has accepted or rejected an electronically transmitted document for filing.

(f) If an electronically transmitted document is rejected by the clerk, the e-filing system

must provide a means for the clerk to transcribe and send a note to the filer indicating the reason(s) for rejection. Documents filed by *pro se* parties shall be reviewed for acceptance as provided for in paragraph 9(f).

(g) A mechanism shall be available for inclusion of the clerk's file stamp(s), the date and time of filing, and clerk's signature, if applicable, on documents accepted and filed electronically. A process shall be available to allow the clerk to transmit a filed copy of the document bearing the above items to registered users. In addition to the clerk's file stamp, all transactions received or initiated by the court or clerk should include a method for authentication or certification to court partners.

(h) Any e-filing system or case management system in the circuit court shall permit users to request the scheduling of matters.

(i) To the extent practicable, any e-filing system shall prohibit initiation of a filing for case types or documents not authorized for electronic filing in the court.

**7    Ownership and Control of Electronically Filed Documents and Data**

Ownership of the documents and access to the data associated with all e-filed documents remains with the court.

**8    Integrity of Electronically Filed Documents and Data**

(a) The e-filing process must identify the filer, the case, and sufficient other information for entry in the clerk of the court's case management system. The filing court will specify the information users are required to enter by local rule.

(b) All documents transmitted to the clerk shall be free of viruses or other processes harmful to the recipient.

(c) To ensure future integrity of the document, the data and the document shall be stored intact.

**9    Requirements of an Electronic Document**

(a) Documents must be submitted in PDF format. Courts may allow, by local rule or order, additional formats of documents accepted through electronic filing. When possible, documents must be converted to PDF directly from the program creating the document, rather than from the scanned image of a paper document. Documents only in paper format may be scanned and converted to PDF for electronic filing. In the event that proposed orders are submitted in a case, the PDF of the proposed order must be generated directly from a word processing program.

(b) Courts may specify a maximum file size for the submission of electronically-filed

3

documents, but must permit users to file multiple documents, each under the maximum file size, in order to file a document that would otherwise exceed the maximum document size. In such cases, the user will be responsible for dividing the document into appropriately- sized parts.

(c) Unless otherwise required, documents created by word processing programs must be formatted as follows: (a) the size of the type in the body of the text must be no less than 12 point font, and footnotes no less than 10 point font; (b) the size of the pages must be 8-1/2 by 11 inches; and (c) the margins on each side of the page must each be a minimum of 1 inch; and (d) the top right 2" x 2" corner of the first page of each pleading shall be left blank for the clerk's stamp.

(d) Bulk filings of multiple cases or multiple documents combined into one PDF document in civil or criminal case types shall not be accepted. Documents with different civil or criminal case numbers must be filed individually in separate transactions. Filing of individual documents within a civil or criminal case should be accepted in a single electronic filing transaction. Multiple citations being electronically filed may be transmitted to the circuit clerk as a single transaction directly from the law enforcement agency.

(e) File exhibits not readily available in electronic form (e.g. blueprints, large maps) may be filed conventionally. If possible, however, a filing party should scan a paper exhibit and file it electronically, in accordance with the size and scanning limitations set by local rule or order. A party electronically filing evidentiary materials must attach an index listing each item of evidence and identifying the related paper.

(f) Documents filed by attorneys that do not complying with the format specified by the applicable statute or rule may be rejected. Documents filed by *pro se* parties that do not comply with the format specified by the applicable statute or rule shall be reviewed for acceptance by the court prior to rejection.

(g) If a court uses or permits any filed or court-generated document within the record of a case to be the type of electronic document comprised of a separate data component (such as a fillable form), the form and data of the document must be stored intact to preserve the future accessibility of the complete document.

(h) Electronic documents containing links to material either within the filed document or external to the filed document are for convenience purposes only. The external material behind the link is not considered part of the filing or the basic record.

**10  Failure of Electronic Filing Process**

(a) Neither the court nor the clerk of the court shall be liable for malfunction or errors occurring in the electronic transmission or receipt of electronically filed or served documents.

4

(b) If a document submitted electronically is not filed or is rejected, the court may, upon good cause shown, enter an order permitting the document to be filed effective as of the date of the attempted first filing.

## 11  Confidential Documents

The electronic filing system, the document management system and the case management system in any court shall maintain the confidentiality and integrity of the transmission of any document identified as impounded, sealed, or expunged. All documents in confidential, impounded, or sealed cases must be submitted conventionally to the clerk's office for filing. A party who has a legal basis for filing a document under seal without prior court order must electronically file a motion for leave to file under seal. The motion must include an explanation of how the document meets the legal standards for filing sealed documents. The document in question may not be attached to the motion as an attachment.

## 12  Content

(a) The filing party is responsible to ensure that court documents filed electronically do not disclose previously or statutorily impounded or sealed information or private information defined in Supreme Court Rule 15 and Supreme Court Rule 138.

(b) The clerk is not responsible for the content of filed documents and has no obligation to review, redact or screen any expunged, sealed or impounded information.

## 13  Implementation

Prior to filing any document electronically with the court, users are required to register with the clerk of the court or the court's authorized e- filing provider, as the case may be, and provide all information as required by the court's registration procedure. Upon changes, users shall promptly update the required information.

## 14  Requests for Information

(a) The e-filing system shall electronically return to the filer the electronically file stamped document of each accepted filing without additional cost to the filer. The clerk shall provide a procedure for response to requests for case information, including the appropriate clerk's certification.

(b) Copies of any document or certification of same may be provided electronically and shall be available to the requesting party at a reasonable cost, including all applicable fees as set by rule or statute.

5

15 **Payment of Fees**

(a) The court shall not charge any additional filing fees or engage in a fee-sharing arrangement with the e-filing vendor. However, this does not preclude an e-filing vendor from charging fees (e.g., service fees, convenience fees, or value-added service fees for e-service) for electronic filing services to litigants.

(b) <u>Filings initiated by court partner agencies in criminal cases (e.g., state's attorney, public defender, attorney general, law enforcement) shall be exempted from the payment of filing fees and any vendor fees, when appropriate.</u>

(c) When filing electronically, the filer <u>(with the exception of agencies exempted by statute)</u> shall make payment of requisite filing fees to the clerk of the court pursuant to local rule unless otherwise ordered by the court. Local rules may establish one or more methods for payment.

(d) When the electronic filing includes a request for the waiver of fees by a petition for indigence, payment of the requisite filing fees shall be stayed until the court rules on the petition.

16 **Signatures and Authentication**

(a) The judicial e-signature process and related security measures should be determined locally by the chief judge of each circuit. Any document filed electronically using a verified user authentication issued by a court or its authorized provider shall be deemed to have been signed by the holder of the user authentication. Documents containing a facsimile or typographical signature may be filed electronically. The system shall provide a method for authentication of judicial officer actions. Any document electronically signed pursuant to this section satisfies Supreme Court Rules and statutes regarding original signatures on court documents.

(b) If a document requires the signature[s] of one or more persons not a party to the case or not registered for electronic filing (e.g. settlement agreement with a *pro se* party, or a witness' affidavit), the filing party or attorney must confirm all persons required to sign the document approve it. Original signatures of all non-electronic filers must be obtained before filing the document. The document must indicate the identity of each non-registered signatory. The filing party must retain the original document <u>as signed, either conventionally or electronically,</u> until one year after the date that the judgment has become final by the conclusion of direct review or the expiration of the time for seeking such review.

17 **Service on Opposing Parties and Counsel of Record**

(a) A means of electronic service on registered participants <u>in civil cases</u> may be

6

established as part of the e-filing system. When service is required by the clerk, the clerk of the court may serve electronically and shall record in the official court record the effective date and time of service. Service of documents on parties not registered as an e-filing or e-service participant shall be made as otherwise provided by rule or statute.

(b) <u>A means of electronic service on registered attorneys in criminal cases may be established as part of the e-filing system. When service is required by the clerk, the clerk of the court may serve electronically to the attorney and shall record in the official court record the effective date and time of service. Service of documents in criminal cases to a *pro se* defendant who is not represented by counsel shall, unless waived, be made as otherwise provided by rule or statute.</u>

### **PRINCIPLES - Best Practices for Electronic Filing**

1. The decision to operate an e-filing program is optional for circuit courts. The clerk and chief judge or presiding judge of the court, or designee, upon application and approval by the Supreme Court, ~~shall~~ <u>may</u> require litigants and lawyers to file electronically court documents in civil case types authorized for electronic filing <u>and may require lawyers to file electronically court documents in criminal case types</u> by local rule or order. Documents required to be maintained in original form pursuant to the Manual on Recordkeeping established by the Court's *General Administrative Order on Recordkeeping in the Circuit Courts* or other rule or statute are excluded from electronic filing. The chief circuit judge may specify by rule or order additional documents not to be filed by electronic means.

2. The clerk shall ensure that all electronically filed documents shall be integrated into the court's document management system and case management system eliminating the necessity for the clerk to duplicate data entry.

3. The e-filing function may be, but need not be, operated by a third-party vendor.

4. The e-filing system shall be capable of interfacing with the court's case management system. The goal is to reduce or eliminate the need for clerks to enter data manually. The interface with the court's case management system shall not generate a new case number until a new case filing has been accepted by the clerk and payment of filing fees.

5. E-filing shall be available via the Internet to anyone using a standard web browser (Safari, Internet Explorer, Mozilla, Firefox, etc.)

6. Any electronic document submitted for e-filing must be secure from alteration, destruction or corruption.

7. The electronic document submitted for filing shall be text searchable to the extent feasible.

8. Any e-filing system should have a reliable method of authenticating that any court filing was made by the person who purportedly filed it.

9. Any e-filing system shall verify that electronic documents are not corrupted during transmission to the court.

10. Any electronic document submitted for filing shall include basic data elements for use by the clerk's office.

11. Any vendor providing e-filing services shall be subject to audit to ensure that proposed and collected fees are reasonable and in the public interest.

12. The e-filing provider shall have a disaster recovery plan that includes a plan to restore e-filing operations within a reasonable time frame due to a failure causing an interruption in the e-filing service.