**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **COURTHOUSE NEWS SERVICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 17 C 7933 |
| ) | |
| **DOROTHY BROWN, Clerk of the** ) | |
| **Circuit Court of Cook County,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Courthouse News Service (CNS), a news service that covers civil litigation news from over 2,500 state and federal courts across the country, has sued Dorothy Brown, the Clerk of the Circuit Court of Cook County, for injunctive relief under 42 U.S.C. § 1983. CNS alleges violations of the First Amendment stemming from Brown's policy of withholding electronically-filed (e-filed) civil complaints from the press and the public until after they have been processed and officially "accepted" for filing by the Clerk's Office. CNS alleges that the resulting delay in access to new complaints constitutes a denial of timely and contemporaneous access to court records in violation of the First Amendment of the U.S. Constitution.

CNS moved for a preliminary injunction prohibiting Brown from enforcing her policy of withholding e-filed complaints until administrative processing is complete and requiring her to provide timely, contemporaneous access to the complaints upon filing. Brown responded to the motion and agreed with CNS that there were no disputed facts

relevant to the preliminary injunction motion that required a hearing. Based on the parties' agreement, the Court cancelled the scheduled hearing on the motion (which had been set for December 21, 2017) and ruled based on the parties' briefs.

On January 8, 2018, the Court granted CNS's motion for a preliminary injunction. *See Courthouse News Serv. v. Brown*, No. 17 C 7933, 2018 WL 318485 (N.D. Ill. Jan. 8, 2018). Brown did not dispute CNS's contention that the First Amendment presumption of access to documents filed in court applies to civil complaints. Her argument, rather, was that the presumption does not require *immediate* access and that the delays at issue were insignificant and did not implicate the First Amendment. The Court overruled this contention, following established authority in this Circuit emphasizing that the First Amendment right of access "contemplates 'immediate and contemporaneous' access." *Id.* at *5 (citing *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994); *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998)). The Court concluded that "a policy of delaying access to e-filed complaints until after they are officially accepted or rejected or otherwise processed by the Clerk violates the First Amendment right of timely access to those complaints, unless the Clerk can demonstrate that the policy is narrowly tailored and necessary to preserve higher values." *Id.* The only conceivable "higher value" identified by Brown in her response to the motion was her contention that her office "needs time to fulfill its duty to ensure that e-filings do not contain certain types of documents—including documents containing confidential and personal identity information—that may not be electronically filed . . . ." *Id.* The Court found unpersuasive that it was *Brown's* duty to ensure that such documents are not included in e-filings; applicable Illinois Supreme

2

Rules place that burden on filing parties and expressly state that court clerks are not required to review pleadings for compliance with that rule. *Id.* (citing Ill. Sup. Ct. R. 15(c) & 138(e)). And even if this responsibility actually existed, the Court found that "Brown has made no effort to explain how her policy of withholding all access to e-filed complaints until acceptance is narrowly tailored to that interest," as required when the First Amendment is implicated, and "has made no effort to explain why it is not feasible for her to adopt any one of the various methods that numerous other state and federal courts currently use to provide public access to e-filed complaints before they have been fully processed." *Id.* at *6. The Court therefore concluded that CNS had shown the requisite likelihood of success and also that CNS had met the other requirements for entry of a preliminary injunction. *Id.* The Court gave Brown thirty days to implement a system that would provide access to newly e-filed civil complaints contemporaneously with their receipt by her office.

Brown filed a notice of appeal on January 31, 2018 and then, two days later, filed a motion to stay the preliminary injunction pending appeal. The purpose of a stay pending appeal is to minimize the costs of error and mitigate the damage that may be done before a legal issue is finally resolved. *In re A&F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014). But a stay is "not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In determining whether to grant a stay, a court considers the moving party's likelihood of success on appeal, any irreparable harm that will result to either side if a stay is granted or denied in error, and whether the public interest favors one side or the other. *In re A&F Enters.*, 742 F.3d at 766. The court applies a sliding scale under which "the greater the moving party's

3

likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *Id.* As the party requesting a stay, Brown has the burden to show that the circumstances justify the Court's exercise of its discretion to grant a stay.

In her motion for a stay, Brown barely addresses the merits of CNS's First Amendment claim. Her motion relies in significant part on factual and legal contentions that she failed to advance in her response to the preliminary injunction, as well as a contention that the preliminary injunction conflicts with requirements imposed on her by the Illinois Supreme Court. The first set of points is forfeited; the last point is unsupported.

First, Brown seems to say that she cannot, without some expense, comply with the requirement to permit the press to view electronically filed complaints contemporaneously with their filing, because "the computer system in the Circuit Clerk's office does not currently have a read function that allows users . . . to see filed images on the internet." Motion to Stay ¶ 9. It is too late for Brown to raise this point. It was clear from CNS's briefs on the preliminary injunction motion that viewing complaints via a terminal in the clerk's office would be a viable means to satisfy the First Amendment. But Brown breathed nary a word about the purported lack of what would seem to be a rather basic computer function—reading documents filed in the system that the computer is hooked up to. The Court concludes that Brown forfeited this point by failing to raise it in a timely fashion and thus that it is not properly a basis for a stay. In any event, the Court's order most certainly does not mandate Internet-based access; access through computer terminals located within the Clerk's office will suffice. The Court also notes that the Circuit Court's directive issued *over three years ago*, Order No. 2014-12,

4

section 13(b), specifically contemplates access to the images of filed documents through public access computer terminals in Clerk's office locations.

Brown next relies on an order issued by the Illinois Supreme Court on December 22, 2017 that requires her to "commit all necessary resources" to meet an extended timeline for implementation of mandatory e-filing. Motion to Stay, Ex. C (Ill. S. Ct. Order of Dec. 22, 2017). Brown claims that "[t]he express language of this order prohibits [her] from devoting resources to providing Plaintiff with 'timely, contemporaneous access' to newly submitted electronic documents." Motion to Stay ¶ 14. This argument suffers from several flaws. First, if Brown is reading the Supreme Court's order correctly, she had it in hand two and one-half weeks *before* this Court issued its preliminary injunction order, yet she did not bring it to the Court's attention. Worse, the request that led to the order was made even earlier than that, yet Brown never mentioned the request in her papers filed in opposition to the motion for preliminary injunction. In short, if Brown is accurately citing this order as a basis for putting off compliance with this Court's preliminary injunction order, she forfeited the point by failing to bring it to the Court's attention promptly following the order's issuance.

More importantly, however, Brown's reading of the Supreme Court's order unsupportable. The order most certainly does not prohibit devoting resources to enabling contemporaneous access to filed documents, either "expressly"—as Brown falsely contends—or even implicitly. Specifically, the order does not say that Brown must devote *all* her resources to getting an e-filing system up and running; rather, it says she must commit all *necessary* resources to this. That does not preclude her from committing other resources to allowing public access to filed complaints. Furthermore,

one might think that a mechanism for compliance with the public's right of access to judicial proceedings is a necessary component of an appropriate e-filing system—and thus squarely within the scope of the Supreme Court's order even under Brown's misreading of it—and not some sort of a frill, as Brown's argument seems to suggest.

Brown's other main point in support of her request for a stay is her contention that this Court has required her to allow public access to civil complaints that are filed under seal. If Brown is honestly reading the order that way, one would wonder why she did not seek clarification or modification of the injunction (she sought clarification on other, meritless, points, but not on this one). In fact, the Court would have been ready, willing, and able to clarify or modify the order to make it clear that when a litigant files a complaint under seal, the public is *not* entitled to immediate access.[1] But in fact that is not what the preliminary injunction requires; Brown may maintain under seal documents that are filed under seal. And that is not what is at issue in CNS's lawsuit. What is actually afoot is a system, effectively created by Brown herself, in which *all* e-filed complaints are treated as having been filed under seal until Brown herself clears them for public access. Brown cannot end-run the First Amendment by creating a system in which hypothetical doubt regarding whether litigants comply with rules about redaction allow her to exclude the public from access to judicial proceedings until she is good and ready to provide it.

The Court need not dwell further on the merits of Brown's motion. Brown has shown at best only a small likelihood of success on the merits, and she has shown

---

[1] The Court would be happy to clarify or, if necessary, modify the preliminary injunction even now to make this clear, but doubts that it has jurisdiction to do so given Brown's filing of a notice of appeal.

neither irreparable harm nor any risk of damage to the public interest. To the contrary, the public's interest in maintaining its right of access to judicial proceedings counsels against entry of a stay.

## Conclusion

For the reasons stated above, the Court denies Brown's motion for a stay of the preliminary injunction pending appeal.

Date: February 13, 2018

_____
MATTHEW F. KENNELLY
United States District Judge