IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | ) | Docket No. 17 C 7933 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOROTHY BROWN, | ) | Chicago, Illinois |
| | ) | January 17, 2018 |
| Defendant. | ) | 9:30 o'clock a.m. |

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:

For the Plaintiff:     BRYAN CAVE
                       BY:  MR. BRIAN ALAN SHER
                       161 North Clark, Suite 4300
                       Chicago, IL  60601
                       (312) 602-5000


For the Defendant:     COOK COUNTY STATE'S ATTORNEY'S OFFICE
                       BY:  MR. PAUL ANTHONY CASTIGLIONE
                       69 West Washington, Suite 3110
                       Chicago, IL  60602
                       (312) 603-1840




Court Reporter:        MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                       Official Court Reporter
                       219 S. Dearborn Street, Suite 2102
                       Chicago, Illinois  60604
                       (312) 435-5639

1    (The following proceedings were had in open court:)

2         THE CLERK:  Case No. 17 C 7933, Courthouse News v.

3    Brown.

4         MR. SHER:  Good morning, your Honor.  Brian Sher on

5    behalf of Courthouse News.

6         MR. CASTIGLIONE:  Your Honor, good morning.  Paul

7    Castiglione on behalf of Circuit Court, Dorothy Brown.

8         THE COURT:  Okay.  So I guess I need to get this off

9    my chest, but -- so when the motion for preliminary injunction

10   was filed, there were two possible outcomes:  grant the motion

11   or deny the motion.  So granting the motion was one of the

12   possible outcomes.

13        And the order that I entered, whatever it says, you

14   know, contemporaneous access to complaints, was almost word

15   for word what the plaintiff asked for in the motion that got

16   filed a couple of months ago.

17        So my first question on this stuff that you have in

18   your motion for clarification is where were all of these

19   arguments?  They were not in your response to the motion for

20   preliminary injunction.

21        So the -- I could very easily say, too bad, you

22   forfeited it, and that would be a completely solid conclusion.

23   And I guess I would like to know why these points weren't

24   made.  I mean, there was one of them that was kind of maybe

25   alluded to.  You got an explanation?

1    MR. CASTIGLIONE:  It has to do with the scope of what
2  I understood the Court's order to be.
3    THE COURT:  The order -- I mean, if you go back and
4  you look at his motion for preliminary injunction, the motion,
5  one paragraph, there is a sentence in there that says, this is
6  what we're asking for.  You take that, you lay it over the
7  sentence in the brief, and it's like they're almost identical.
8    MR. CASTIGLIONE:  I was just having a conversation
9  with Mr. Sher before your Honor came out.  Perhaps I overread
10  your order.  It seems the order was broader than what he asked
11  for, which is why I'm bringing up really supervision, Judge,
12  is that you have a situation where the Circuit Court not only
13  has to obviously follow this Court's orders but also the
14  orders of the AOIC and the chief judge as well.  And there's a
15  limitation in those orders regarding where electronic
16  information shall be available.  I'm not saying those orders
17  necessarily comport with this Court's January --
18    THE COURT:  So your first question is whether
19  Section 4.30(b) of the Electronic Access Policy for Circuit
20  Court Records is incorporated through point No. 4 --
21    MR. CASTIGLIONE:  No, no --
22    THE COURT:  -- of the Electronic Filing Standards and
23  Principles conflicts with my decision.
24    MR. CASTIGLIONE:  Right.
25    THE COURT:  No, because access can be provided at

1 | Clerk's Office terminals.

2 | Question 2, Section 13(b) of Order 2014-12 conflicts
3 | with my opinion.  Same answer.

4 | Question No. 3, if either Section 4.30(b) or
5 | Section 13(b) or both conflict with my opinion, what am I
6 | telling you to do?  Doesn't apply because they don't conflict.

7 | Question 4, is the constitutionality of either
8 | section in question, if it's in question, do you need to
9 | notify the Attorney General?  My real answer is it beats the
10 | living heck out of me because that's not my decision to make;
11 | that's an obligation that you either do or don't have by
12 | virtue of state law.  But I don't think they conflict because
13 | I think I said right in the order that you can provide access
14 | at Clerk's Office terminals.

15 | And by the way, that's the way it's done in every
16 | court in the entire country that has electronic filing, which
17 | is most of them.

18 | MR. CASTIGLIONE:  Your Honor, we --

19 | THE COURT:  That's what happens down here.

20 | MR. CASTIGLIONE:  Your Honor, I appreciate your
21 | comments.  We needed the clarification.

22 | THE COURT:  So the motion for clarification is
23 | terminated as moot based on the comments in open court.

24 | See you.

25 | MR. CASTIGLIONE:  Thank you.

1          MR. SHER:   Thank you, your Honor.

2      (Which were all the proceedings had in the above-entitled

3   cause on the day and date aforesaid.)

4      I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter.

5

6   _____          _____
    Carolyn R. Cox                          Date
    Official Court Reporter
7   Northern District of Illinois

8   /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25